UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>                                    Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SUPERIOR COURT, ITS JUDGES AND COURT CLERK'S OFFICE,<br><br>                                    Defendants. | Case No.:  24-cv-1002-WQH-LR<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)-(2)** |

HAYES, Judge:

Plaintiff Steve Wayne Bonilla, currently incarcerated at the California Medical Facility in Vacaville, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a serial litigant, and in this action he complains that the San Diego County Superior Court, its judges and Clerk's Office, have erred in refusing to invalidate his Alameda County criminal judgment and death sentence in Case No. H-12210-A. (*See* Compl. at 2–7.) He seeks a declaration that his conviction is "void," an order releasing him from custody, and compensatory damages. *Id*. at 7. Bonilla has neither paid the $405 civil filing fee nor submitted a motion to proceed

in forma pauperis ("IFP").

## I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

While "the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 767 (9th Cir. 2023) (quoting 28 U.S.C. § 1915(b)(1)). To proceed IFP, prisoners must submit an affidavit of all assets they possess and a certified copy of a trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(1)–(2). Using this financial information, the court "shall assess and when funds exist, collect," an initial partial filing fee based on the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account over the 6-month term, with the remainder of the fee to be paid in monthly payments. *Id.* § 1915(b)(1)–(2). Plaintiff has failed to submit an IFP motion or any of the required financial information.

Although the Court would typically grant a prisoner leave to file an IFP motion, Bonilla has abused that privilege many times in the past and is precluded from doing so now unless he faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *see Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017) ("A negative

consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees."). Pursuant to § 1915(g), a prisoner with three "strikes," i.e., prior civil cases or appeals dismissed as frivolous, malicious, or for failing to state a claim, "cannot proceed IFP" absent allegations of imminent danger. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Bonilla is one of those prisoners, and he makes no plausible allegations of imminent danger here. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011, alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action.") (citing *In re Steven Bonilla*, Nos. C 11-3180, *et seq.* CW (PR), Order of Dismissal at 6:23-7:19)).

## II.     INITIAL SCREENING PER 28 U.S.C. § 1915A(B)

Even if Bonilla paid the full filing fee or is eligible to proceed IFP, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires sua sponte dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious," those that "fail[] to state a claim upon which relief may be granted," or those that "seek[] monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)–(2); *Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal quotation marks omitted).

As noted above, Bonilla seeks both to vacate his state criminal judgment and sentence *and* to sue the San Diego County Superior Court, its judges and Clerk's Office for compensatory damages pursuant to 42 U.S.C. § 1983 for failing to declare his Alameda County Superior Court conviction "void." (*See* Compl. at 7.) He may do neither in this action.

First, to the extent Bonilla challenges the validity of his conviction and sentence, a habeas corpus action is his sole federal remedy, and a lawsuit under 42 U.S.C. § 1983 is inappropriate. *See Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act."); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence."); *cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("[Section] 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner … habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.")

Second, Bonilla seeks damages against San Diego County Superior Court Judges for making excuses to avoid their statutory duty to exercise their jurisdiction and vacate his conviction, contending that a void conviction such as his "is subject to collateral attack ANYWHERE, at any time and in any place." (Compl. at 3.) Judges are absolutely immune from damages liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227–29 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). Judicial immunity applies to cases brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356–57; *see also Forrester*, 484 U.S. at 227 (stating that a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). Therefore, Bonilla's claims for money damages against the Superior Court judges must be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b)(2) based on absolute immunity. *See Mainez v. Gore*, No. 17cv1359-JAH (JLB), 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to sua

sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b)). When absolute immunity applies, claims for damages are frivolous. *See Baker v. King Cnty. Prosecutor's Office*, 981 F.2d 1257, at *1 (9th Cir. 1992) (unpublished). Plaintiff's claims against the Superior Court itself and its Clerk's Office for their role in their judges' failure to declare his conviction invalid is likewise frivolous. *Id*. If an action is frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

### III.  CONCLUSION

For the reasons set forth above, the Court: (1) **DISMISSES** this civil action based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a); (2) **DISMISSES** the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)–(2); (3) **CERTIFIES** that an IFP appeal in this case would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and (4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated:  June 24, 2024

*[signature]*
Hon. William Q. Hayes
United States District Court